### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

| | | |
|---|---|---|
| MARCIAL TORRES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:13-cv-01455-CMH-JFA |
| | ) | |
| U.S. BANK NATIONAL ASSOCIATION | ) | |
| AS TRUSTEE FOR CREDIT SUISSE FIRST | ) | |
| BOSTON MORTGAGE SECURITIES CORP., | ) | |
| HOME EQUITY ASSET TRUST 2005-6, | ) | |
| HOME EQUITY PASS=THROUGH | ) | |
| CERTIFICATE SERIES 2005-6, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendants U.S. Bank National Association As Trustee For Credit Suisse First Boston

Mortgage Securities Corp., Home Equity Asset Trust 2005-6, Home Equity Pass=Through

Certificate Series 2005-6 ("U.S. Bank, Trustee") and Mortgage Electronic Registration Systems,

Inc. ("MERS") ("Defendants") submit the following Memorandum in Support of their Motion to

Dismiss Plaintiff Marcial Torres' ("Plaintiff") Complaint and state as follows:

### BACKGROUND

Plaintiff filed this foreclosure challenge case to set aside the foreclosure sale of real

property located at 12652 Heron Ridge Drive, Fairfax, Virginia ("Property"), claiming that

Defendants "USB, MERS, and SIW fraudulently sold the Plaintiff's property at a foreclosure

depriving Plaintiff of his lawfully owned property" on February 15, 2013.  Complaint ¶ 18.  The

loan at issue was executed on or about July 5, 2005 when Plaintiff signed a promissory Note and

Deed of Trust secured by the Property.  Plaintiff alleges that he made payments to America's

Servicing Company, the servicer for the loan, and in 2011, received demands for payment from that entity. ¶¶ 9-10. Plaintiff claims, however, that "Defendants have no legal or equitable right, claim on interest is said real property as the obligation has been extinguished, has been satisfied, is void, or has been split form the Deed of Trust resulting in an unsecured Note or obligation, voiding the security interest in the Property." Those conclusory allegations are the only support provided for Plaintiff's position that the foreclosure sale was invalid.[1] For the reasons set forth in this Memorandum, the Complaint fails to state a claim against any defendant and should be dismissed with prejudice.[2]

## ARGUMENT

Plaintiff does not identify the basis for his requested relief or any factual support for any cause of action he identifies. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555; see also FED. R. CIV. P. 8(a)(2) (pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A claim is "factually plausible" when the claimant pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. 662. This requirement is intended to ensure that the complaint provides "fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). Without any indication of why the Plaintiff should be entitled to the relief he

---

[1] Plaintiff's Complaint is nearly identical to a complaint previously dismissed by this Court for failure to state a claim. See Velez v. Bank of N.Y. Mellon Trust Co. N.A., 2012 U.S. Dist. LEXIS 153716 (E.D. Va. Oct. 23, 2012). The complaint from Velez is attached as Exhibit A. Counts VIII, IX, and X in the present matter were not raised in Velez.

[2] The Deed of Trust for Plaintiff's Loan, attached s Exhibit B, names a second debtor who is not a party to this case. Federal Rule of Civil Procedure 19 states that if "in a in the person's absence complete relief cannot be accorded among those already parties" the case should be dismissed. While Plaintiff's claims fail as a matter of law, the absence of a necessary party is also grounds for dismissal.

2

requests, Defendants are left to speculate regarding the basis of his claims.  As the Plaintiff fails

to provide "fair notice" of his claim, his Complaint must be dismissed.

### I.        Count I – Violation of the FDCPA

Plaintiff fails to state a claim under the Fair Debt Collection Practices Act.  Plaintiff

alleges no facts that support his conclusions that the debt secured by the property has been

extinguished or satisfied.   Furthermore, "[i]t is well-settled that provisions of the FDCPA

generally apply only to debt collectors … creditors are not liable."." Scott v. Wells Fargo Home

Mortg., Inc., 326 F. Supp. 2d 709, 717 (E.D. Va. 2003).  "In this District [] debt collectors do not

include creditors, mortgagors, mortgage servicing companies, trustees exercising their fiduciary

duties, or assignees of debt so long as the debt was not in default at the time it was assigned."

See Velez v. Bank of N.Y. Mellon Trust Co. N.A., 2012 U.S. Dist. LEXIS 153716 (E.D. Va.

Oct. 23, 2012), citing Ruggia v. Washington Mut., 719 F. Supp. 2d 642, 648 (E.D. Va. 2010)

(collecting and reviewing cases).

### II.       Count II – Declaratory Judgment

Plaintiff fails to state a claim for a declaratory judgment that the Deed of Trust is void.

Plaintiff alleges no facts that support his allegation that:

> Defendants have no legal or equitable right or interest in the Promissory Note and/or
> Deed of Trust, or in the alternative, the obligation has been extinguished, satisfied, is
> void, or has been split from the Deed of Trust resulting in an unsecured Note, and
> consequently, enter an Order declaring the Deed of Trust void with no effect.

Complaint ¶ 23.  With no facts to substantiate any of his allegations regarding his obligations

under the Note and Deed of Trust, his claim must fail.  In addition, Virginia is a non-judicial

foreclosure state in which Defendants should not be required to come to Court to prove the chain

of ownership of the Note or otherwise prove authority to foreclose at the borrowers' request.

Pham v. Bank of N.Y., 856 F. Supp. 2d 804, 810 (E.D. Va. 2012) (Virginia law unequivocally

disallows a "show me the note" claim against a noteholder).  As Plaintiff's claims amount to a request that Defendants prove authority to foreclose, they must fail.  Finally, a "split" of the Deed of Trust from the Note is irrelevant because a formal assignment of the Deed of Trust is unnecessary to reflect the subsequent Noteholder's interest therein and is therefore no more than a formality.  Pham v. Bank of N.Y., 856 F.Supp.2d 804, 810 (2012); see also Williams v. Gifford, 124 S.E. 403 (1924) (deeds of trust are mere securities for the note and run with it); Ruggia v. Wash. Mut., 719 F. Supp. 2d 642, 647 (E.D. Va. 2010) (a "split" of the deed of trust from the note does not render the deed unenforceable or the note unsecured because the deed runs with the note); See also Velez, 2012 U.S. Dist. LEXIS 153716 (dismissing nearly identical claim).

### III.     Count III – Slander of Title

To state a claim for Slander of Title, a plaintiff must allege malicious publication of false information that brings into question or disparages the title to the property, causing special damage to the owner.  Bison Bldg. Co., LLC v. Brown, 70 Va. Cir. 348, 355 (Va. Cir. Ct. 2006). No facts are plead that support these elements.  Plaintiff only makes the conclusory allegation that he is the "only party to this matter that can prove legal and equitable ownership interest in the Property" and that this "slandering of the Plaintiff's property [] caused [him] to suffer injuries and damages." Compl. ¶¶ 24-26.  That allegation is not sufficient to state a claim for slander of title. See also Velez, 2012 U.S. Dist. LEXIS 153716 (dismissing nearly identical claim).

### IV.     Count IV – Fraud

Plaintiff fails to state a claim for fraud.  "Actionable fraud requires a defendant's intentional, knowing misrepresentation of a material fact upon which a plaintiff has relied to its detriment."  Jared & Donna Murayama 1997 Trust v. NISC Holdings, LLC, 82 Va. Cir. 38, 48

(2011), citing <u>Winn. v. Aleda Constr. Co.</u>, 227 Va. 304, 308, 315 S.E.2d 193, 195 (1984).

Plaintiff alleges no facts that support any the elements of this claim.   His contention that

Defendants "have acted as if the appointment of the trustee was conforming to the Deed of Trust

and the laws of the Commonwealth of Virginia" is not supported by any factual allegations.

Complaint ¶ 29.   See also <u>Velez</u>, 2012 U.S. Dist. LEXIS 153716 (dismissing nearly identical

claim).

### V.      Count V – Illegal Substitution of Trustee

Plaintiff's claim for "Illegal Substitution of Trustee" fails because no cause of action

exists for illegal substitution of trustee in Virginia.   <u>Velez v. Bank of N.Y. Mellon Trust Co.</u>

<u>N.A.</u>, 2012 U.S. Dist. LEXIS 153716 (E.D. Va. Oct. 23, 2012).   Here, the Deed of Trust states

that "if necessary to comply with the law or custom, MERS (as nominee for Lender and Lender's

successors and assigns) has the right: to exercise any or all of those interests, including but not

limited to, the right to foreclose and sell the Property; and to take any action required of Lender."

See Deed of Trust, Exhibit B at p. 3.   Thus, under the terms of the Deed, MERS had the authority

to take any action required of Lender, including appointing a successor trustee as provided by

paragraph 24 of the Deed of Trust.   *Id.* ¶ 24; see also <u>Ruiz v. Samuel I. White, P.C.</u>, CIV.A.

1:09CV688, 2009 U.S. Dist. LEXIS 115455, 2009 WL 4823933, at *1-2 (E.D. Va. Dec. 11,

2009*)* (holding that identical language in a deed of trust gave MERS the authority to appoint

successor trustees).   The Deed of Appointment of Substitute Trustee was therefore properly

executed. See Exhibit C, Deed of Appointment of Substitute Trustee.

### VI.     Count VI – Conspiracy

Plaintiff fails to state a cause of action for civil conspiracy.   Under Virginia law, the

elements of a civil conspiracy claim are (1) "an agreement between two or more persons" (2) "to

accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means," which (3) "results in damage to plaintiff."   Firestone v. Wiley, 485 F. Supp. 2d 694, 703 (E.D. Va. 2007) (citing Glass v. Glass, 228 Va. 39, 321 S.E. 2d 69 (Va. 1984).   In addition, such a claim "generally requires proof that the underlying tort was committed."   Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co., Ltd., 682 F.3d 292, 311 (4th Cir. 2012) (quoting Almy, 273 Va. 68, 639 S.E. 2d 182, 189 (Va. 2007)). "Thus, where 'there is no actionable claim for the underlying alleged wrong, there can be no action for civil conspiracy based on that wrong.'" Taylor v. CNA Corp., 782 F. Supp. 2d 182, 204-05 (E.D. Va. 2010) (quoting Citizens for Fauquier County v. SPR Corp., 37 Va. Cir. 44, 50 (1995)).   Plaintiff alleges no facts that show an alleged wrong.  Plaintiff concedes that Defendant U.S. Bank, Trustee is the beneficiary under the Deed of Trust and that Plaintiff has made payments to Defendant after signing the Note and Deed. Compl. ¶¶ 7, 9.  As a result, Defendants had the authority to enforce the terms of the security instruments and foreclose the property. Therefore, there is no underlying tort sufficient to sustain Plaintiff's civil conspiracy claim.   See also Velez, 2012 U.S. Dist. LEXIS 153716 (dismissing nearly identical claim).

## VII.   Count VII – Quiet Title

Plaintiff fails to state a claim for quiet title.  When bringing a quiet title claim regarding property subject to a mortgage, a plaintiff must allege that he has fully satisfied his obligations under the note and the deed of trust or that the underlying debt was paid, forgiven, or cancelled. Tapia v. United States Bank, N.A., 718 F. Supp. 2d 689 (E.D. Va. 2010); see also see also Velez, 2012 U.S. Dist. LEXIS 153716 (dismissing nearly identical claim).  Plaintiff alleges no facts sufficient to show that the underlying debt was paid, forgiven, or cancelled and instead alleges

that the Note and Deed of Trust encumber the Property and that he made payments on the loan to

U.S. Bank, Trustee.  Compl. ¶¶ 7, 9.

### VIII.   Count VIII – Failure to Provide Proof of Standing to Collect

Plaintiff's claim for "Failure to Provide Proof of Standing to Collect" fails to state a

claim upon which relief may be granted.  This claim is essentially a "show me the note" claim

which has been widely rejected in Virginia.  Virginia is a non-judicial foreclosure state in which

Defendants should not be required to come to Court to prove the chain of ownership of the Note

or otherwise prove authority to foreclose at the borrowers' request.  Pham v. Bank of N.Y., 856

F. Supp. 2d 804, 810 (E.D. Va. 2012) (Virginia law unequivocally disallows a "show me the

note" claim against a noteholder).  As Plaintiff's claims amount to a request that Defendants

prove authority to foreclose, they must fail.

### IX.   Count IX – Wrongful Foreclosure

Plaintiff's claim for Wrongful Foreclosure fails because it is not a cause of action in

Virginia.  See Pham v. Bank of N.Y., 856 F. Supp. 2d 804, 811 (E.D. Va. 2012) ("Virginia does

not recognize a cause of action for wrongful foreclosure").  A proposed bill to create a cause of

action for wrongful foreclosure failed in the spring 2012 session of the General Assembly,

demonstrating that the Assembly considered - and rejected - the creation of such a claim. House

Bill 821 available at http://leg1.state.va.us/cgibin/legp504.exe?121 +cab+HC10116HB0821

+BREF.

### X.   Count X – Unjust Enrichment

A claim for unjust enrichment is quasi-contractual in nature and requires a plaintiff to

show that (1) the plaintiff conferred a benefit on the defendant, (2) the defendant knew of the

benefit conferred, and (3) the defendant accepted or retained the benefit under circumstances

rendering it inequitable for the defendant to do so without paying for its value.  See <u>Schmidt v. Household Finance Corp.</u>, 276 Va. 108, 661 S.E.2d 834, 838 (Va. 2008) (citations omitted). Ordinarily, the benefit conferred is performance on a contract or the transfer of property or services.  Restatement (Second) of Contracts § 370 cmt. a. (1981); see also <u>Daniel v. Wells Fargo Bank</u>, N.A., 2013 U.S. Dist. LEXIS 150991 (E.D. Va. Oct. 17, 2013).  Plaintiff alleges that "Defendants' actions were in violation of the law and resulted in Defendants being unjustly enriched by the payments of fees, insurance proceeds and equity on the home."  Compl. ¶ 56. These facts do not amount to a claim for unjust enrichment because Plaintiff pleads no violation of law or underlying wrong.  In fact, Plaintiff offers absolutely no facts that could plausibly challenge the validity of the foreclosure sale of the Property.   Plaintiff therefore fails to state a claim for unjust enrichment.

## CONCLUSION

For the reasons set forth above the Court must dismiss Plaintiff Marcial Torres' Complaint with prejudice.

Respectfully Submitted,

Dated:  December 3, 2013

_____/s/  Nicholas V. Cumings_____
Amy S. Owen (VSB No. 27692)
Nicholas V. Cumings (VSB No. 82022)
Cochran & Owen, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, Virginia 22182
(703) 847-4480 [telephone]
(703) 847-4499 [facsimile]
aowen@cochranowen.com
ncumings@cochranowen.com

*Counsel for U.S. Bank National Association As Trustee For Credit Suisse First Boston Mortgage Securities Corp., Home Equity Asset Trust 2005-6, Home Equity Pass=Through Certificate Series 2005-6 and Mortgage Electronic Registration Systems, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by U.S. Mail to the following on December 3, 2013:

Marcial Torres
12652 Heron Ridge Drive
Fairfax, Virginia 22030
*Pro Se Plaintiff*

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF to the following on December 3, 2013

Kimberly E. Hartin, Esq.
Samuel I. White, P.C.
5040 Corporate Woods Drive
Suite 120
Virginia Beach, VA 23462
(P) 757.490.9284  ext. 2480|
(F) 757.497.1193
khartin@siwpc.com
*Counsel for Samuel I. White, P.C.*

           /s/  Nicholas V. Cumings

Amy S. Owen (VSB No. 27692)
Nicholas V. Cumings (VSB No. 82022)
Cochran & Owen, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, Virginia 22182
(703) 847-4480 [telephone]
(703) 847-4499 [facsimile]
aowen@cochranowen.com
ncumings@cochranowen.com

*Counsel for U.S. Bank National Association As Trustee For Credit Suisse First Boston Mortgage Securities Corp., Home Equity Asset Trust 2005-6, Home Equity Pass=Through Certificate Series 2005-6 and Mortgage Electronic Registration Systems, Inc.*